IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA J. FUNKHOUSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 05cv638 |
| ) | |
| CHI-CHI'S, INC., ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| CASTELLINI COMPANY, LLC, ) | |
| ) | |
| Third-Party Defendant. ) | |

**MEMORANDUM ORDER**

Presently before the Court are the following:

• MOTION TO DISMISS filed by Third Party Defendant Castellini Company, LLC, with brief in support (*Document Nos. 10 and 11*), the brief in opposition filed by Third-Party Plaintiff Chi-Chi's, Inc. (*Document No. 17*), and the Reply Memorandum filed by Third-Party Defendant Castellini Company (*Document No. 25*). For the reasons that follow, the Motion will be granted.

Since its adoption in *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3d Cir.1941), the first-filed rule has been employed by the courts in the Third Circuit to enjoin, where appropriate, "the subsequent prosecution of 'similar cases . . . in different federal district courts.' " *EEOC v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) (quoting *Compagnie Des Bauxites De Guinea v. Insurance Co. of North America*, 651 F.2d 877, 887 n. 10 (3d Cir. 1981)). The first-filed rule simply dictates that, in cases of federal concurrent jurisdiction involving the same parties and issues, the court of first-filing must proceed to

decide the matter. *EEOC,* 850 F.2d at 971. Although district courts do have discretion in applying the first-filed rule, district courts have adopted a policy which requires the existence of unusual or exceptional circumstances before a court may choose to depart from the rule. *See Berkshire International Corp. v. Marquez*, 69 F.R.D. 583, 586 (E.D. Pa.1 976).

Circumstances which may justify a departure from the first-filed rule include: 1) bad faith on the part of plaintiff in the first-filed action; 2) forum shopping being a motivation for the filing of the first action; 3) the second filed action being further developed than the first at the time the motion is made; and 4) the filing of the first suit in one forum to preempt the opponent's imminent filing of a suit in a different, less favorable forum. *See EEOC,* 850 F.2d at 976 (declining to apply the first-filed rule after concluding that defendant had filed its prior action in the District of Columbia in order to avoid unfavorable precedent in the Third Circuit).

In its response to the present motion, Third-Party Plaintiff Chi-Chi's, Inc. ("Chi-Chi's") attempts to persuade the Court that, due to the existence of several special circumstances, the first-filed rule should not be enforced to enjoin it from prosecuting its third party action against Castellini Company, LLC in this district.

First, Chi-Chi's argues that although the Delaware bankruptcy action has been brought in the name of "Chi-Chi's," that claim was brought by one of the Company's insurance companies whereas the instant case was brought by the attorneys retained directly by Chi-Chi's. Therefore, according to this argument, the parties in the two actions are not identical.

Second, Chi-Chi's argues that the balance of convenience "overwhelmingly favor the exercise of jurisdiction by this Court." Br. at 12. Third, Chi-Chi's argues that this "Court's familiarity with the subject matter of this action provides an additional basis for denial of

Castellini's motion." Last, Chi-Chi's argues that "this action is likely to proceed more rapidly than Empire's Delaware Action." *Id.* at. 15.

Chi-Chi's, however, has failed to persuade the Court that any circumstances exist in this matter which would justify a departure from the first-filed rule. *EEOC*, 850 F.2d at 976. In addition to both claims being brought solely in the name of Chi-Chi's, Inc., both assert the "same rights" through the same six contractually based theories of recovery, both assert the "same facts" and claim the same harm, and both demand the same "relief" from Castellini. The Court, therefore, concludes that pursuant to the first-filed rule, the Third-Party Complaint filed against Castellini in this Court should be dismissed.

**AND NOW**, this 7th day of October, 2005, it is hereby **ORDERED, ADJUDGED AND DECREED** that pursuant to the first-filed ruled the Third-Party Complaint of Defendant/Third-Party Plaintiff Chi-Chi's, Inc. against Castellini Company is hereby **DISMISSED** forthwith.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:       Edward J. Balzarini, Jr., Esquire
Balzarini, Carey & Watson
3303 Grant Building
Pittsburgh, PA 15219

Douglas J. Billings, Esquire
Gordon & Holmes
223 West Eighth Street
San Diego, CA 92101

Frederic L. Gordon, Esquire
Gordon & Holmes
223 West Eighth Street
San Diego, CA 92101

Rhonda J. Holmes, Esquire
Gordon & Holmes
223 West Eighth Street
San Diego, CA 92101

James R. Miller, Esquire
Dickie, McCamey & Chilcote
Email: jmiller@dmclaw.com

Christopher T. Lee, Esquire
Dickie, McCamey & Chilcote
Email: clee@dmclaw.com

Shannon E. Smith, Esquire
Dickie, McCamey & Chilcote
Email: ssmith@dmclaw.com